United States District Court
Southern District of Texas
**ENTERED**
February 21, 2017
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, Plaintiff/Respondent, | § § § | |
| v. | § § | CRIMINAL NO. 2:14-864 CIVIL NO. 2:16-175 |
| VICTOR RABB, Defendant/Movant. | § § § | |

## MEMORANDUM OPINION & ORDER

Pending before the Court is Defendant/Movant Victor Rabb's ("Movant") motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (D.E. 29). The United States filed a motion to dismiss (D.E. 39), to which Movant responded (D.E. 42).

The Court previously granted the Government's motion to require defense counsel Scott M. Ellison ("Trial Counsel") to file an affidavit, which has been filed (D.E. 35). After briefing was complete, the Court held an evidentiary hearing on the issue of counsel's alleged failure to file a notice of appeal. The Court found that Movant failed to meet his burden to show that he asked Trial Counsel to file an appeal and orally denied Movant's claim that counsel failed to file a notice of appeal after being asked to do so. *See* Minute Entry, Nov. 1, 2016. For the reasons discussed herein, Movant's remaining § 2255 claims are also **DENIED**.

### I. Background

On December 10, 2014, Movant was charged with possession with intent to distribute more than 28 grams of cocaine base (crack cocaine) in violation of 21 U.S.C. §§ 841(a)(1) & 841(b)(1)(B) (Count 1) and being a felon in possession of a firearm and

1

ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (Count 2). On February 5, 2015, Movant appeared with Trial Counsel and pled guilty to Count 1 pursuant to a written plea agreement. In exchange for his guilty plea, the Government agreed to recommend that Movant receive maximum credit for acceptance of responsibility and a sentence within the applicable guideline range. As part of the Plea Agreement, Movant waived his right to appeal his sentence or file a motion under 28 U.S.C. § 2255 "except that Defendant does not waive the right to raise a claim of ineffective assistance of counsel on direct appeal, if otherwise permitted, or on collateral review in a motion under Title 28, United States Code, section 2255." Plea Agreement, D.E. 15, ¶ 7.

At rearraignment, the Government recited the following detailed factual basis for Movant's guilty plea:

> On October 4, 2013, officers with the Corpus Christi Police Department executed a State search warrant at a residence in Corpus Christi, Texas. Officers entered the residence and observed the Defendant who they identified as Victor Rabb sitting on a couch. Officers announced, "Police search warrant," at which time the Defendant raised his hands in the air and was placed face-down on the couch. Officers continued to clear the rooms and no other occupants were located inside the residence. An officer informed an assisting officer that he believed the Defendant was in possession of what appeared to be a gun of some sort at entry and was currently lying on top of the weapon. An officer then located a sock covering an object that was in the shape of a firearm. The officer grabbed the sock and removed it from the Defendant's side, at which time the officer positively identified the object as a firearm. The firearm was later identified as a Smith and Wesson Model SW40 "V" as in Victor "E" as in Edward .40 caliber pistol with Serial Number DSK0208. Officers continued to search the residence. Upon searching the rest of the residence located in both the living room as well as the bedroom area, officers found a total of

> 29.9 grams of a mixture or substance containing a cocaine base, also known as crack cocaine. The substance was found in plain view in both areas of the residence. The Defendant was placed under arrest and read his Miranda rights and refused to give a statement in reference to the cocaine found in the residence. The amount of crack cocaine found in the residence infers the intent to distribute.

2/5/2015 Tr., D.E. 36, pp. 36–37. Movant agreed that he did the things the Government described and did not want to add or change anything. The Court accepted Movant's guilty plea and ordered the Probation Office to prepare a Presentence Investigation Report (PSR).

Movant's base offense level, based on 29.9 grams of crack cocaine, was 24. Two levels were added under U.S.S.G. § 2D1.1(b)(1) because a dangerous weapon was possessed, and two more levels were added under U.S.S.G. § 2D1.1(b)(12) because Movant maintained a premises for the purpose of manufacturing or distributing a controlled substance. After credit for acceptance of responsibility, his total offense level was 25. Based on a criminal history category of V, Movant's guideline range of imprisonment was 100 to 125 months.

On June 30, 2015, the Court adopted the PSR and sentenced Movant to 100 months' imprisonment, to be followed by 5 years' supervised release. Judgment was entered on July 2, 2015. Movant did not appeal, but instead filed the current § 2255 motion on May 18, 2016. It is timely.

## II. Movant's Allegations

Movant's § 2255 motion raises the following claims, set forth verbatim:[1]

> <u>Issue One</u> Whether Movant's guilty plea was unlawfully induced as a result of Government promise of 60 months sentence should Movant plead guilty to count one of the Indictment.
>
> <u>Issue Two</u> Whether Counsel failure to object to erroneous two level increase pursuant to USSG § 2D1.1(b)(1) resulted in a significant higher sentence.
>
> <u>Issue Three</u> Whether District Court erred in applying two level increase for maintaining drug premises pursuant to USSG § 2D1.1(b)(12).

D.E. 29, p. 2.

## III. Legal Standards

### A. 28 U.S.C. § 2255

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside, or correct his sentence: (1) constitutional issues, (2) challenges to the district court's jurisdiction to impose the sentence, (3) challenges to the length of a sentence in excess of the statutory maximum, and (4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). Section 2255 relief "is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992).

---

1. Movant also raised: "<u>Issue Four</u> Whether Counsel failure to file notice of appeal and perfect appellate brief as requested by the Movant resulted to ineffective assistance of counsel." D.E. 29, p. 2. As set forth *supra*, the Court previously denied this claim.

4

## B. Ineffective Assistance of Counsel

An ineffective assistance claim presented in a § 2255 motion is properly analyzed under the two-prong analysis set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *United States v. Willis*, 273 F.3d 592, 598 (5th Cir. 2001). To prevail on a claim of ineffective assistance of counsel, a movant must demonstrate that his counsel's performance was both deficient and prejudicial. *Id.* This means that a movant must show that counsel's performance was outside the broad range of what is considered reasonable assistance and that this deficient performance led to an unfair and unreliable conviction and sentence. *United States v. Dovalina*, 262 F.3d 472, 474–75 (5th Cir. 2001). If the movant fails to prove one prong, it is not necessary to analyze the other. *Armstead v. Scott*, 37 F.3d 202, 210 (5th Cir. 1994) ("A court need not address both components of the inquiry if the defendant makes an insufficient showing on one"); *Carter v. Johnson*, 131 F.3d 452, 463 (5th Cir. 1997) ("Failure to prove either deficient performance or actual prejudice is fatal to an ineffective assistance claim.").

When the defendant pleads guilty, the prejudice prong of *Strickland* requires the defendant to "show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). To show prejudice in the sentencing context, a movant must show that counsel's deficient performance resulted in any amount of prison time above that the petitioner would have received if the forfeited complaint had been advanced at trial or on appeal. *United States v. Grammas*, 376 F.3d 433, 438–39 (5th Cir. 2004).

## IV. Analysis

### A. Whether Movant's guilty plea was unlawfully induced by the Government's promise of a 60-month sentence

Movant claims that, in January 2015, Trial Counsel told him that the Government offered a 60-month sentence if he would plead guilty to Count 1 of the Indictment (crack trafficking), and it would drop Count 2 (felon in possession of a firearm) because there was no evidence Movant used the firearm during the drug trafficking crime. This claim is belied by the record.

At the evidentiary hearing on Movant's § 2255 motion, Trial Counsel testified that he and counsel for the Government never discussed a specific sentence, and he never told Movant there was a joint agreement to recommend a specific sentence. Minute Entry Nov. 1, 2016, ERO at 3:50–3:57. Moreover, the Plea Agreement that Movant signed stated: "Neither the Government nor any law enforcement officer can or does make any promises or representations as to what sentence will be imposed by the Court." D.E. 15, ¶ 5; s*ee also* ¶ 6 ("Defendant acknowledges and agrees that the Court may impose any sentence up to and including the statutory maximum, and that the sentence to be imposed is within the sole discretion of the Court . . . ."), ¶ 8 ("The defendant is also aware that any estimate of the probable sentencing range under the sentencing guidelines that he/she may have received from his/her counsel, the United States or the Probation Office, is a prediction, not a promise and is not binding on the United States, the Probation Office or the Court. . . . The United States does not make any promise or representation concerning what sentence the defendant will receive.").

Finally, Movant's own rearraignment testimony directly contradicts his claim that his guilty plea was unlawfully induced by the Government's promise of a 60-month sentence. Movant testified that he understood he was facing a maximum sentence of 40 years' imprisonment and that he had discussed the Sentencing Guidelines with Trial Counsel. 2/5/2015 Tr., pp. 19, 27. The Court explicitly asked, "Has anyone promised you leniency if you would plead guilty?" *Id.*, p. 28. Movant responded, "No. ma'am." *Id.* The Court also reminded Movant that "the Court is free to impose a sentence up to the maximum sentence in your case, and if I choose to do that, you cannot take back your plea of guilty[.]" *Id.*, p. 34. Movant testified that he understood. *Id.* Courts give great weight to a defendant's statements during the plea colloquy. *Blackledge v. Allison*, 431 U.S. 63, 73 (1977) ("Solemn declarations in open court carry a strong presumption of verity."); *United States v. Cothran*, 302 F.3d 279, 283–84 (5th Cir. 2002); *United States v. Abreo*, 30 F.3d 29, 31 (5th Cir. 1994) (placing great weight on defendant's statements during plea).

Based on the summary judgment record, the Court finds there is no merit to Movant's allegation that his guilty plea was unlawfully induced by the Government's promise of a 60-month sentence.

### B. Whether Trial Counsel was ineffective for failing to object to the two-level enhancement because a dangerous weapon was possessed

Movant next complains that Trial Counsel should have objected to the gun enhancement under U.S.S.G. § 2D1.1(b)(1) because "there was no evidence that the gun recovered under the couch he was laying on was part of a drug trade to protect 29.9

grams of cocaine base found in the house." D.E. 29, p. 10. According to Movant, his fingerprints were never found on the gun, and while he knew there was a gun under the couch, he was unaware how it got there. *Id.*

The record shows that the gun in question was not located underneath a couch as Movant claims, but was found underneath Movant's body. According to the PSR, when officers entered Movant's home to execute the arrest/search warrant:

> [T]hey observed Rabb sitting on the couch. Rabb raised his hands in the air and was placed face down on the floor. Officers noticed that **Rabb was lying on top of what appeared to be a firearm.** The firearm was covered by a sock.

PSR, D.E. 22, ¶ 4 (emphasis added). As set forth *supra*, the Government recited the same facts during Movant's rearraignment hearing:

> An officer informed an assisting officer that he believed the **Defendant was in possession of what appeared to be a gun of some sort at entry and was currently lying on top of the weapon.** An officer then located a sock covering an object that was in the shape of a firearm. The officer grabbed the sock and removed it from the Defendant's side, at which time the officer positively identified the object as a firearm.

2/5/2015 Tr., pp. 36–37 (emphasis added). Movant stated under oath that the Government's factual recitation was accurate. *Id.*, p. 37.

The enhancement under U.S.S.G. § 2D1.1(b)(1) "reflects the increased danger of violence when drug traffickers possess weapons. The adjustment should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense." U.S.S.G. § 2D1.1, app. note 3. Trial Counsel states in his affidavit that he and Movant discussed the two-point enhancement for the gun—which he predicted

8

Movant would receive—and he explained that an objection would have been futile considering that "the gun was under [Movant's] body when he got on the floor as his home was being raided." D.E. 35, p. 2. Movant has not shown that Trial Counsel's decision not to challenge the gun enhancement deviated from prevailing professional norms, nor has he shown that he was prejudiced by Trial Counsel's decision. Movant's ineffective assistance of counsel claim is without merit.

### C. Whether the Court erred in applying a two-level enhancement for maintaining a drug premises

Finally, Movant claims the Court erred in enhancing his sentence pursuant to U.S.S.G. §2D1.1(b)(12). This claim is not cognizable in a § 2255 proceeding. *See United States v. Payne*, 99 F.3d 1273, 1281–82 (5th Cir. 1996) ("A district court's technical application of the Guidelines does not give rise to a constitutional issue.") (quoting *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992)); *United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999) (A district court's alleged misapplication of the Sentencing Guidelines cannot be challenged in a § 2255 motion.).

### V. Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Movant has not yet filed a notice of appeal, the § 2255 Rules instruct this Court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, § 2255 Rules.

A certificate of appealability (COA) "may issue . . . only if the applicant has made

Movant would receive—and he explained that an objection would have been futile considering that "the gun was under [Movant's] body when he got on the floor as his home was being raided." D.E. 35, p. 2. Movant has not shown that Trial Counsel's decision not to challenge the gun enhancement deviated from prevailing professional norms, nor has he shown that he was prejudiced by Trial Counsel's decision. Movant's ineffective assistance of counsel claim is without merit.

### C. Whether the Court erred in applying a two-level enhancement for maintaining a drug premises

Finally, Movant claims the Court erred in enhancing his sentence pursuant to U.S.S.G. §2D1.1(b)(12). This claim is not cognizable in a § 2255 proceeding. *See United States v. Payne*, 99 F.3d 1273, 1281–82 (5th Cir. 1996) ("A district court's technical application of the Guidelines does not give rise to a constitutional issue.") (quoting *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992)); *United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999) (A district court's alleged misapplication of the Sentencing Guidelines cannot be challenged in a § 2255 motion.).

### V. Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Movant has not yet filed a notice of appeal, the § 2255 Rules instruct this Court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, § 2255 Rules.

A certificate of appealability (COA) "may issue . . . only if the applicant has made

a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). This standard requires a § 2255 movant to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further. *United States v. Jones*, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon *Slack*, 529 U.S. at 483–84). As to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484 (emphasis added).

Based on the above standards, the Court concludes that Movant is not entitled to a COA. That is, reasonable jurists could not debate the Court's resolution of his claims, nor do these issues deserve encouragement to proceed. *See Jones*, 287 F.3d at 329.

## VI. Conclusion

For the reasons stated herein, the Government's Motion to Dismiss (D.E. 39) is **GRANTED**, and Movant's § 2255 motion (D.E. 29) is **DENIED**. Movant is also **DENIED** a Certificate of Appealability.

So **ORDERED** this _____ day of ___2-21-17___, 2017.

NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE